**SCURLOCK, INC., Plaintiff,**

v.

**Edward J. BRENNER, Commissioner of Patents, Defendant.**

**Civ. A. No. 3124–65.**

United States District Court
District of Columbia.

Jan. 8, 1969.

Irvin A. Lavine, Washington, D. C., for plaintiff.

Lutrelle F. Parker, Washington, D. C., for defendant.

———◆———

## OPINION

HOLTZOFF, District Judge.

This is an action against the Commissioner of Patents, under 35 U.S.C. § 145, for an adjudication that the plaintiff is entitled to a patent on an application that the Commissioner has rejected. The application was filed on February 4, 1963 and is numbered 255845. The applicants were Robert L. Scurlock and Albert Torongo, Jr. The name of the application was an "Apparatus for Attaching Buttons".

The invention is a button that does not have to be sewn on to the garment or other fabric to which it is to be attached, but is fastened by two prongs or staples projecting from the bottom of the button, which are inserted through the fabric and bent together. Very likely, although the idea of such a button seems very simple, indeed, the person who first devised a button that does not have to be sewn onto the fabric but can be fastened by prongs projecting from the bottom of the button may be entitled to a patent, just as the person who devised the concept of placing a hump into the hook of the "hook and eye" combination, simple though it was, made a substantial contribution to the industry and might well have been entitled to a patent. However, buttons held to the fabric by staples were not new with the applicants. What they claim is a very short step forward. The prongs or staples, according to the applicants' device, are attached to a rectangular, long and narrow shank or bar, which is fastened to the bottom of the button.

The question involved in this case is a very narrow one: whether this step is a product of the inventive faculty or whether it constitutes the product of mechanical skill and, therefore, was obvious in the light of the patent laws. A prior patent issued as early as December 18, 1883, numbered 290353, issued to George W. Prentice, discloses a button with staples or prongs at the bottom of the button for fastening it to the fabric. The basic idea is there. The concept of a bar at the bottom of the button was not new, because it was disclosed in the patent to Stuart, number 169482, dated December 11, 1928. To be sure, the Stuart button, except for the bar, was very largely the ordinary button that is sewn to the fabric by threads. A somewhat similar structure was disclosed in the patent to Wollin, number 2326593, issued on August 10, 1943.

■ The Patent Office ruled that to combine the Prentice patent with the Stuart and Wollin patents would be obvious to a person reasonably skilled in the art. Entirely aside from the ruling of the Patent Office with which this Court agrees, the Court independently would arrive at the same conclusion, since the idea of a button fastened by staples or prongs is disclosed by Prentice. The added feature of a bar by which the prongs or staples are attached to the button is a mechanical refinement which does not, in the opinion of the Court, require the exercise of the inventive faculty.

It may be of interest to read the remarks of the two tribunals of the Patent Office. The Examiner said:

"It is considered obvious for one skilled in the art to substitute the stapled button-securing means of Prentice for the thread button-securing means of Stuart and Wollin."

The Board of Appeals of the Patent Office took the same view in affirming the decision of the Examiner. It said:

"Considered as either method or article, it appears to us that the securement of buttons as shown by Stuart or Wollin by bendable prong fasteners,

would be no more than an obvious expedient in the art particularly after consideration of Prentice.

"The resulting elongate relation of the shank in relation to space fastening presents a variation over Prentice that is no more than a direct and obvious result of employing buttons of the two-point attachment variety having elongate shanks as shown in the primary references.

"Appellants' arguments as to manipulation and pivoting of buttons in use are considered as recitations of such obvious manipulative relationships as to be no more than expected options of use in connection with the structure concerned."

It may well be, and it is not disputed, that the inventors have produced a usable and valuable commercial article. This fact, in itself, of course, is not sufficient to justify patentability. A great many articles on the market were devised by the ingenuity of someone, that are commercially valuable, and that constitute a useful contribution to every day life, but which are not patentable.

In the light of the considerations the Court has discussed, it reaches the conclusion that the action of the two tribunals of the Patent Office should be affirmed.

Accordingly, the Court will render judgment on the merits for the defendant, dismissing the complaint.